

**U. S. Department of Justice**

Federal Bureau of Prisons

---

*USP Canaan*
*3057 Easton Turnpike*
*Waymart, PA 18472*

May 26, 2006

Walter Matthews, III
U.S. Probation Officer
District of Delaware
United States District Court
J. Caleb Boggs Federal Bldg.
844 North King Street, Lock Box 39
Wilmington, DE 19801-3519

RE:   CORRELL, Douglas H
      REG. NO: 56455-083
      DOCKET NUMBER: CR. 81-211

Dear Mr. Matthews:

    This correspondence is in regards to Douglas H Correll Glenn, a federal prisoner who is presently incarcerated at the United States Penitentiary, (USP) Canaan, Pennsylvania. Inmate Correll was sentenced on June 03, 1993, out of the District of Delaware to a 180 month sentence for a Possession of a Firearm By A Prohibited Person.

    Bureau of Prisons Operations Memorandum, 068-93 (5320), Maintenance of Inmate Files, references the Seller vs. Bureau of Prisons case, 959F.2d307(d.c.cir.1992). The specific ruling in that case states that "The agency must take responsible steps to maintain the accuracy of the information to ensure fairness to the individual." The Operations Memorandum further states "For example, in a situation like Sellers where the inmate challenged the pre-entence report, Unit staff should not change the report, but should inform the Probation Officer the report has been challenged. If the Probation Officer confirms the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated pre-sentence report from the Probation Officer."

    In accordance with Operations Memorandum, 068-93, we are forwarding to you inmate Correll's allegations of inaccuracy pertaining to his pre-sentence report. We are requesting you review his allegations and return to us your findings concerning these allegations. If you are able to confirm that the

information in the pre-sentence investigation is inaccurate, we are also requesting an updated pre-sentence report.

Page 2

    Thank you for your assistance regarding this matter and we await your reply. If you have any questions or concerns regarding this matter, please feel free to contact Ebony Graham at (570) 488-8000.

                                      Sincerely,

                                      E Graham for C+D
                                      Stephen Wagner
                                      Unit Manager

## *Douglas Correll*
Reg. No. 18399-037
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

Supervising U.S. Probation Officer
Wilmington, Delaware 19801

    This correspondence is in reference to the information in my Presentence Report maintained on paragraph __36__. The case under Indictment No. B 90-03-0279 I, in Gloucester County Superior Court, Woodbury, New Jersey 08096 was dismissed from the Court's docket in 1994.

    However, my current PSI, with that charge in it, is being used to make adverse determinations against me. It has already been used at two of my Parole hearings. Therefore, in accordance with Bureau of Prisons Operations Memorandum, 068-93 <58.20> Maintenance of Inmate File, I am requesting an updated Presentence Report, absent of paragraph __36__.

    I am respectfully submitting this request through my case manager Ms. Graham.

Thank you in advance for your time and attention to this matter.

Please see attached.

Respectfully,

Douglas Correll

*/s/ Douglas Correll*

Dated __May 25__, 2006

C: Warden C. Lindsay
   Office of the General Counsel
   Assistant Director of Correctional
   Program Division

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

Number    068-93  (5820)
Date      March 15, 1993
Subject   Maintenance of Inmate Files

Cancellation Date  March 15, 1994

1. **PURPOSE.** The purpose of this Operations Memorandum is to advise Unit Team staff members of a recent case concerning staff response to a claim by an inmate that his central file contained incorrect information.

2. **BACKGROUND.** In Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), the court held that the Bureau of Prisons must maintain accurate records of information which are capable of being verified. The case involved an inmate who was challenging information in his file, including a presentence report reference to an alleged bank robbery. The inmate contended that the bank robbery charge had been dismissed, and that its inclusion in the presentence report had resulted in the denial of parole and adverse determinations regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time. The Parole Commission had noted in the inmate's file that he disputed the information in his record; the Bureau of Prisons apparently maintained the challenged information in the record without comment, despite the fact that the probation officer had written a letter indicating that the charge had been dismissed.

The court held that if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages. The rule of the case is that "the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." Sellers at 312. The Sellers court held that an agency does not meet the requirements of the Privacy Act simply by noting that the information is disputed. If the court were to find a willful or intentional failure to maintain accurate records, the agency could be liable for

EXHIBIT A


money damages to the inmate. Because inmates from all over the country may file Privacy Act suits in the District of Columbia, the <u>Sellers</u> case will affect all of our institutions. A final determination has not yet been made in <u>Sellers</u> regarding whether the Bureau's actions will be considered willful or intentional and therefore result in the granting of monetary damages to the inmate. The procedures recommended below in this Operations Memorandum are intended to minimize the chances of such award resulting from future challenges.

3. ACTION. Unit team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information.

If an inmate is able to provide such information in support of a challenge, unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered. Once a determination can be made by Bureau staff that information in an inmate's central file is incorrect, that information must not be used by staff. For example, in a situation like <u>Sellers</u> where the inmate challenged the Presentence Report, unit staff should not change the report but should inform the probation officer that the report has been challenged. If the probation officer confirms that the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence Report from the probation officer. These procedures will be incorporated into the Central File Program Statement at the next annual review.

Patrick R. Kane
Assistant Director
Correctional Programs
Division

Wallace H. Cheney
Assistant Director
Office of General Counsel